ERIC GRANT
United States Attorney
SAM STEFANKI
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:25-MJ-00122-AC |
| Plaintiff, | STIPULATION AND [PROPOSED] ORDER REGARDING SENSITIVE DISCOVERY MATERIAL |
| v. | |
| MARVIN MUTCH, | |
| Defendant. | |

**STIPULATION**

Pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, the United States of America and defendant Marvin Mutch stipulate as follows:

1. The government currently possesses discovery material depicting a number of minor victims in this case (the "protected material"). This protected material includes, but is not limited to, the contents of approximately forty-six electronic devices seized from the defendant's residence pursuant to search warrants executed in May and September. At defense counsel's request, the government intends to produce a subset of protected material (specifically, the contents of a subset of the approximately forty-six seized electronic devices) to defense counsel so that this material can be analyzed by a forensic expert retained by the defense.

///

2. The purpose of this stipulation and proposed order is to establish the procedures that must be followed by defense counsel of record, any designated employees, any forensic experts retained by the defense, and all other individuals who receive access to any protected material.

3. The protected material produced in discovery is entrusted to defense counsel only for purposes of representation of the defendant in this case. Defense counsel shall not give protected material to any person other than defense counsel's staff assisting in litigating this case. The term "staff" explicitly includes attorneys, paralegals, forensic experts, and investigators assisting defense counsel in the present case and excludes any other defendant in this case, or any other pending case against the defendant, any other counsel hired, retained, or otherwise working on behalf of the defendant, or any other person other than those specifically described in this paragraph. Defense counsel shall return all protected material or certify that it has been shredded at the conclusion of this case or upon the termination of defense counsel's discovery retention obligations, whichever is later.

4. Any person receiving access to protected material from defense counsel shall be bound by the same obligations as defense counsel and, further, may not give protected material to anyone.

5. If hard copies of protected material are produced or generated, defense counsel shall not make any copies, duplicates, or recordings of such protected material. If hard copies of protected material are produced or generated, defense counsel may, however, make written or typed notes summarizing protected material and, if necessary to the litigation of the instant matter, may have protected material transcribed.

6. Defense counsel shall maintain a list of persons to whom any portions or copies of protected material are being or have been given. Such persons shall be provided with a copy of this stipulation and proposed order and shall sign their full names to a copy of the stipulation and agree to be bound by the order and note that they understand its terms and agree to them by signing.

7. Defense counsel may use any and all protected material in the defense of the defendant in the instant case in any manner deemed essential to adequately represent the defendant (*i.e.*, in motions that are filed under seal, if necessary; in *ex parte* applications as may be needed; and in reproducing and summarizing protected material for use in trial preparation summaries, exhibits, and as evidence, as may be needed), consistent with the proposed order as it shall be originally prepared and signed. In the event

that defense counsel needs to use protected material in a manner not authorized under the requested order, counsel shall be entitled to seek to have the order amended by the Court after giving notice to counsel for the government in a hearing before the Court.

8. Defense counsel is authorized to discuss the contents of protected material with the defendant. Defense counsel and any members of defense counsel's staff are prohibited from, in any way, giving to the defendant:

    a) Any protected material itself;

    b) Copies of protected material;

    c) Copies of excerpts of protected material; or

    d) Summaries of protected material.

9. The above prohibition will not extend to the defendant viewing protected material in open court should any of these materials or summaries of these materials be used in the litigation of this case.

IT IS SO STIPULATED.

Dated: October 1, 2025

ERIC GRANT
United States Attorney

/s/ SAM STEFANKI
SAM STEFANKI
Assistant United States Attorney

Dated: October 1, 2025

/s/ NOA OREN
NOA OREN
Counsel for Defendant
MARVIN MUTCH

STIPULATION AND ORDER REGARDING DISCOVERY MATERIAL     3

**[PROPOSED] ORDER**

Based upon the agreement of the parties and pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, the Court adopts the proposed stipulation regulating certain discovery in this case. IT IS HEREBY ORDERED that each of the terms described in the stipulation of the parties shall govern protected material as defined in the stipulation in this case.

Dated: October 2, 2025

THE HONORABLE CHI SOO KIM
United States Magistrate Judge